```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

RODNEY BEENE                                            PLAINTIFF

    v.                 Civ. No. 10-6067

HENDERSON STATE UNIVERSITY                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Rodney Beene filed a Complaint against his former employer, Henderson State University, alleging he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq*. (Doc. 1). Plaintiff also alleges Defendant's actions constituted the common law tort of outrage under Arkansas law. *Id.* Currently before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 7), Defendant's supporting brief (Doc. 8), and Plaintiff's Response to Defendant's motion (Doc. 9). For the reasons set out below, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

I.    BACKGROUND

The following facts are set forth in Plaintiff's Complaint and are for purposes of this memorandum opinion and order accepted as true. Plaintiff, who was born February 26, 1953, was previously employed as a campus officer by Defendant. (Doc. 1-1, Doc. 1, ¶ 6). Plaintiff worked for Defendant beginning on or about June 12, 1990, and received positive performance evaluations prior to 2008. (Doc.

1, ¶ 7).  Plaintiff was asked to retire in January 2008, but declined to do so.  (*Id.*, ¶ 8-9).  Plaintiff, following his refusal to retire, was harassed by supervisors and threatened with retirement.  (*Id.*, ¶ 10-11).  On May 12, 2008, Defendant's Vice President for Student Services, Dr. Gail Stephens wrote a letter to Plaintiff, which was placed in his personnel file.  (*Id.*, ¶ 12).  Plaintiff contends the letter contains false statements, including false allegations of insubordination.  *Id.*

On February 16, 2010, Plaintiff was again contacted by his supervisor about retirement.  (*Id.*, ¶ 13).  On February 19, 2010, Plaintiff was directed to surrender his gun and to report to the Human Resources Office.  (*Id.*, ¶ 14).  When Plaintiff arrived at the Human Resources Office, he was notified of his termination.  (*Id.*, ¶ 15).  When asked why he was terminated, Dr. Stephens cited her May 12, 2008, letter, as well as Plaintiff's conduct while working a recent party on campus.  (*Id.*, ¶ 16-17).  Plaintiff alleges that his termination was "purposefully humiliating" because other officers were allowed access to his personnel file, that he was terminated with the doors open so that others could hear, and three city police officers were called to escort him off campus.  (*Id.*, ¶ 19).  Plaintiff was fifty-six years old when he was terminated, and his replacement was under the age of forty.  (*Id.*, ¶ 18).

On June 11, 2010, Plaintiff filed a charge of discrimination

with the Equal Employment Opportunities Commission (EEOC) alleging that he was discriminated against on the basis of his age beginning as early as January 2008, and continuing until his termination on February 19, 2010.  (Doc. 1-1).  Plaintiff was issued a right to sue letter on June 17, 2010.  (Doc. 1-2).  Plaintiff filed the instant action on September 10, 2010.  (Doc. 1).

**II.  STANDARD**

Defendant's Motion for Judgment on the Pleadings seeks to dismiss Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(1), (6), and (c).  Defendant's principal argument for dismissal is that Plaintiff's suit is barred by Eleventh Amendment sovereign immunity.  (Doc. 8).  Plaintiff argues in response that his claims are not barred by sovereign immunity because--in addition to monetary damages--he also seeks non-monetary remedies, i.e., reinstatement to his former position, injunctive relief.  (Doc. 9).

Sovereign immunity is a jurisdictional doctrine, and a motion to dismiss turning on the issue of whether a claim brought pursuant to the ADEA is proper before the Court should be viewed as a 12(b)(1) motion for dismissal for lack of subject matter jurisdiction.  *Brown v. United States*, 151 F.3d 800, 804 (8th Cir. 1998); *Jones v. United States*, 255 F.3d 255 F.3d 507, 511 (8th Cir. 2001).  The Court therefore views Defendant's Motion for Judgment on the Pleadings as

one for dismissal based on the lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Id.*

Rule 12(b)(1) allows the Court to dismiss any and all claims, either on their face or in light of outside evidence, where it lacks proper subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Two types of subject matter jurisdiction challenges exist under Rule 12(b)(1): "facial attacks" and "factual attacks". *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). Facial attacks challenge subject matter jurisdiction based solely on the allegations appearing on the face of the complaint. A factual attack is dependent upon the resolution of facts in order to determine whether subject matter jurisdiction exists. *Osborn*, 918 F.2d at 729 (8th Cir. 1990).

If a motion makes a facial attack, the court must afford the non-moving party the same protections as it would be entitled to receive under Rule 12(b)(6). *Id.* However, if the motion makes a factual attack, the court may rely upon matters outside the pleadings when considering such attack, and the non-moving party does not receive the benefits of Rule 12(b)(6)'s safeguards. *Id.* On such a motion, the party claiming jurisdiction has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

The Court reads Defendant's arguments for dismissal as lack of subject matter jurisdiction as a facial attack, and will analyze the motion under the governing standard.  *See Titus*, 4 F.3d at 593 (8th Cir. 1993).

## III. DISCUSSION

As reflected above, Defendant asserts that Plaintiff's claim against it should be dismissed, because it has Eleventh Amendment sovereign immunity for ADEA claims.  Plaintiff argues that the defendant is subject to suit pursuant to the ADEA because he seeks injunctive relief.

### A. Age Discrimination – ADEA

The Eleventh Amendment provides States and their agencies with immunity from suits brought by its citizens and by citizens of other states.  *Doe v. State of Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003)(citing *Hadley v. N. Ark. Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996)).  There is no dispute that the defendant, a public state university is an arm of the state and therefore is afforded the protections of the Eleventh Amendment.

The Eleventh Amendment immunity is not absolute.  A state may be subject to suit where: (1) the state has unequivocally, through legislation waived its sovereign immunity and consented to suit in federal court; or (2) Congress has unequivocally, through legislation, abrogated state immunity in order to effectuate the

provisions of the Fourteenth Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurt State Sch. & Hosp. v. Halderman*, 465 U.S.89, 97-100; *Burk v. Beene*, 948 F.2d 489, 492-94 (8th Cir. 1991).

The Supreme Court addressed the question of whether the ADEA properly abrogates a State's or a State Agency's Eleventh Amendment immunity in *Kimel v. Florida Bd. Of Regents*, 528 U.S. 62 (2000). Although the Court recognized that Congress attempted to abrogate Eleventh Amendment immunity to claims of age discrimination in violation of the ADEA, the Court held that the ADEA was not a proper exercise of Congress's constitutional authority, because it exceeded Congress's power under § 5 of the Fourteenth Amendment. *See Id.* at 92. Thus, the ADEA does not, in of itself, abrogate Defendant's sovereign immunity of Plaintiff's ADEA claim.

The Court notes that the Eighth Circuit has held the Eleventh Amendment immunity bars ADEA claims seeking non-monetary relief, including injunctive relief against state agencies. The Eighth Circuit has held that "[w]hile under the doctrine set forth in *Ex parte* Young, state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to state agencies." *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)(internal citation omitted); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999). Plaintiff's argument that by seeking

injunctive relief he is permitted to proceed with his suit is without merit.

Accordingly, Plaintiff's ADEA claim against the defendant is barred by Eleventh Amendment immunity, and this court lacks subject matter jurisdiction over the matter.  Defendant's Motion for Judgment on the Pleadings on Plaintiff's ADEA claim is **GRANTED** and this claim is **DISMISSED WITH PREJUDICE.**

### B. Arkansas Tort of Outrage

Having granted Defendant's Motion for Judgment on the Pleadings and dismissing Plaintiff's ADEA claim, the Court declines to retain jurisdiction on the remaining state law claim.  28 U.S.C. § 1367(c)(3).  Accordingly, Plaintiff's claim brought pursuant to the tort of outrage under Arkansas law is **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's right to file it in state court.

### IV.   CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (Doc. 7) is **GRANTED,** and Plaintiff's Complaint (Doc. 1) is **DISMISSED.**  Plaintiff's claim brought pursuant to the ADEA is **DIMISSED WITH PREJUDICE,** and Plaintiff's claim brought pursuant to Arkansas law is **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's right to file it in state court.

IT IS SO ORDERED this 21st day of January, 2011.

                                              */s/ Robert T. Dawson*
                                              Honorable Robert T. Dawson
                                              United States District Judge